CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| USAMA ZAGHLOL, | : | |
| | : | Civil No. 10-5084 (FSH) |
| Plaintiff, | : | |
| v. | : | |
| STATE OF N.J. et al, | : | **ORDER** |
| Defendants. | : | |

Plaintiff submitted a civil Complaint, and it appearing that:

1. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).

2. The filing fee for a civil complaint is $**350.00**. See 28 U.S.C. § 1914(a).

3. If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and **a certified prison account statement for the six-month period immediately preceding the filing of the complaint**. See 28 U.S.C. § 1915(a)(2).

4. The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct

installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b).

5. In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.

6. The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

7. The above-named Plaintiff is a prisoner. Plaintiff failed to pay his filing fee. Plaintiff did submit his affidavit of poverty, but he failed to submit his certified six-month prison account statement required by 28 U.S.C. § 1915(a)(2). Plaintiff's Complaint indicates that Plaintiff is not in imminent danger of serious physical injury; rather, the Complaint challenges the state proceedings in Plaintiff's criminal matter. See Docket Entry No. 1.

IT IS THEREFORE on this 20th day of October, 2010,

ORDERED that Plaintiff's application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk shall administratively terminate this action, without filing the Complaint or assessing a filing fee, by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely. See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff may have the above-captioned case reopened if, within 30 days of the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee or files with the Clerk his certified six-month prison account statement, as required by 28 U.S.C. § 1915(a); and it is finally

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, together with a blank in forma pauperis application for imprisoned individuals seeking to file a civil complaint, and close the file in this matter.

    s/ Faith S. Hochberg
    **Faith S. Hochberg**
    **United States District Judge**